**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALIAINY CARTAYA-LOZANO, ET AL.**,

Plaintiffs,

v. Case No. 8:25-cv-02843-WFJ-GDP

**SECRETARY MARKWAYNE MULLIN, ET AL.,**

Defendants.
_________________________________/

**ORDER**

Before the Court is Defendants Secretary Markwayne Mullin, *et al.*'s ("Defendants") Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. 42. Plaintiffs Aliainy Cartaya-Lozano, et al. ("Plaintiffs") have responded in opposition, Dkt. 50, and Defendants replied. Dkt. 51. After careful consideration, the Court denies Defendants' Motion to Dismiss.

This dispute arises from Defendants' enforcement of United States immigration law and policy through the Department of Homeland Security ("DHS"), as it pertains to Cuban nationals. *See generally* Dkt. 39. Plaintiffs are Cuban nationals who entered the United States by land after January 12, 2017, via designated ports of entry. *Id.* ¶ 22. Plaintiffs assert that they were apprehended by DHS shortly after their arrivals. *Id.* Removal proceedings were then allegedly commenced against each Plaintiff via service of Notices to Appear ("NTAs"). *Id.*

Following service of NTAs, each Plaintiff claims to have been released from DHS custody without documentation of parole under 8 U.S.C. § 1182(d)(5)(A). *Id.* ¶ 23. Instead, Plaintiffs claim that they were released under, and remain subject to, an "Order of Release on Recognizance" (Form I-220A) or other conditional release. *Id.*

Plaintiffs commenced the present action on October 16, 2025, filing a Class Action Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief. Dkt. 1. On December 29, 2025, the Court granted a stay in this action, pending the Eleventh Circuit Court of Appeals' consideration of the consolidated cases *Labrada-Hechavarria v. U.S. Att'y Gen.* and *Castillo-Casanova v. U.S. Att'y Gen.*, which the Court found to "have substantial overlap with this case and the gravamen of those cases and the instant one is basically the same." Dkt. 21. The Eleventh Circuit subsequently issued its decision on February 23, 2026, vacating the Board of Immigration Appeals' orders and remanding for further proceedings. *Labrada-Hechavarria v. U.S. Att'y Gen.*, Nos. 23-13664, 24-10645, 2026 WL 496486 (11th Cir. Feb. 23, 2026). The Court lifted the stay on April 2, 2026, following a hearing on the matter. Dkts. 34, 35. On May 1, 2026, Plaintiffs filed the Operative Amended Complaint, raising the following counts: habeas corpus (Count I); declaratory relief regarding unlawful withholding of parole documentation (Count II); injunctive relief regarding unlawful withholding of parole

documentation (Count III). Dkt. 39. On May 13, 2026, Defendants filed the instant Motion to Dismiss. Dkt. 42.

Defendants seek the dismissal of Plaintiffs' claims under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Dkt. 42. Defendants' arguments are derived from the premise that Plaintiffs were detained under Section 1226 and released pursuant to DHS's discretionary conditional-parole authority. *See id.* at 11–22. However, Plaintiffs argue that they were detained under Section 1225(b)—not Section 1226—and that the "distinction between the two statutes is critical for establishing Plaintiffs' rights." Dkt. 50 at 2.

8 U.S.C. § 1225(b) "applies to arriving aliens seeking entry at the border," *Hernandez Alvarez v. Warden*, 175 F.4th 1258, 1276 (11th Cir. 2026), and permits DHS the discretion to release such aliens via parole solely under 8 U.S.C. § 1182(d)(5)(A). *See* 8 U.S.C. § 1182(d)(5)(A) (stating that the decision to grant parole under this statute is within the discretion of DHS and that this is done "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit"). This is relevant to the present action, as the Cuban Adjustment Act of 1966 ("CAA") provides Cuban nationals who have been "inspected and admitted or paroled into the United States" and have been "physically present in the United States for at least

two years" the opportunity to seek adjustment of status to that of lawful permanent residents. Pub. L. No. 89-732, 80 Stat. 1161.

8 U.S.C. § 1226 "applies to aliens unlawfully in the interior[,]" *Hernandez Alvarez*, 175 F.4th at 1276, and permits DHS to release such aliens subject to pending removal proceedings via discretionary release on "conditional parole," which is essentially bond without a monetary component. *Id.* § 1226(a)(2)(B). Conditional parole—permitted under Section 1226—is distinct from 8 U.S.C. § 1182(d)(5)(A) parole—the required parole mechanism under Section 1225(b)—in a number of ways, including that it does not provide eligibility to seek adjustment of status under the CAA. *See In re Castillo-Padilla*, 25 I&N Dec. 257, 263 (BIA 2010).

The dispute therefore turns on the statutory basis for Plaintiffs' detention: whether they were detained under Section 1225(b), which only permits parole pursuant to 8 U.S.C. § 1182(d)(5)(A) and renders Cuban nationals eligible to seek to adjust status under the CAA (as Plaintiffs contend), or whether they were detained under Section 1226, which permits conditional parole pursuant to 8 U.S.C. § 1226(a)(2)(B) and does not provide eligibility to seek adjustment of status (as Defendants contend).

Here, both of Defendants' arguments pursuant to Rule 12(b)(1) and 12(b)(6) rely on the contention that Plaintiffs *must* have been released pursuant to Section 1226, as a matter of law. Dkt. 42 at 11–22. Defendants point to the fact that Plaintiffs

were released under "Orders of Release on Recognizance" (Form I-220A), which "specify that recipients have been detained and subsequently released under § 1226." Dkt. 42 at 18 (quoting Sample Form I-220A). The Court does not find the language of this form to be dispositive at this time, especially in light of recent Eleventh Circuit precedent that seems to draw the distinction as to where the alien was apprehended, not as to what form they received. *See Hernandez Alvarez*, 175 F.4th at 1267–77.

Further, Defendants contend that Plaintiffs are barred from making their argument, as the decisions regarding whether to grant parole under 8 U.S.C. § 1182(d)(5)(A) and whether to grant conditional parole under 8 U.S.C. § 1226(a)(2)(B) are purely discretionary, Dkt. 42 at 12–16, and federal courts are precluded from reviewing such decisions per 8 U.S.C. § 1252(a)(2)(B)(ii). *Id.* at 16. However, Plaintiffs argue not that they *should* have been granted parole under 8 U.S.C. § 1182(d)(5)(A) instead of what they were granted, but that what they were granted should itself be construed to be parole under 8 U.S.C. § 1182(d)(5)(A) due to the circumstances of their detention and release. *See* Dkt. 39 at 31. Acknowledging that Plaintiffs may not be barred from raising this argument entirely, Defendants grant that the Court could—at most—declare that Section 1225(b), not Section 1226, should have applied to Plaintiffs at the time of encounter, leaving DHS to exercise its discretion regarding whether to grant Plaintiffs parole under 8 U.S.C.

§ 1182(d)(5)(A). Dkt. 42 at 21–22 ("[A] court can compel the agency to act, but has no power to specify what the action must be." (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004))). Defendants assert that such a finding would "have the practical effect of subjecting Plaintiffs to the mandatory detention provisions at § 1225 pending the resolution of removal proceedings as Defendants make no representation whatsoever as to whether § 1182(d)(5) parole would, or could, be granted to Plaintiffs." *Id.* at 22. The Court does not foreclose that finding.

However, at this stage in the proceedings—upon a barren record—the Court declines to find that Plaintiffs were subject to Section 1226 at the time of encounter as a matter of law. Accordingly, Defendants' Motion to Dismiss is denied.

**CONCLUSION**

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants Secretary Markwayne Mullin, *et al.*'s Motion to Dismiss, Dkt. 42, is **DENIED**.
2. Defendants are **DIRECTED** to file their responsive pleading within **fourteen (14) days** of this Order, pursuant to Fed. R. Civ. P. 12(a)(4)(A).

**DONE AND ORDERED** at Tampa, Florida, on September 17, 2026.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record